UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMY ERICKSON,<br><br>       Plaintiff,<br><br>v.<br><br>BRIAN C. HUBER; ANTHONY CASTELDA; ANDREW CHASE; and KEVIN W. MORRIS,<br><br>       Defendants. | NO. 2:22-CV-0033-TOR<br><br>ORDER DISMISSING DEFENDANT BRIAN C. HUBER |

BEFORE THE COURT is Defendant Brian C. Huber's Motion to Dismiss. ECF No. 6. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, all claims against Defendant Brian C. Huber are **DISMISSED with prejudice**.

## BACKGROUND

Plaintiff Amy Erickson, proceeding *pro se*, filed this suit on February 25, 2022, against the above-named parties. ECF No. 1. Defendant Brian C. Huber is a

ORDER DISMISSING DEFENDANT BRIAN C. HUBER ~ 1

Douglas County Superior Court Judge. ECF No. 1 at ¶ 3. Plaintiff complains of Judge Huber's rulings in a civil proceeding entitled: In Re the Estate of Mark A. Gunderson, Case No. 20-4-00036-09. *Id*. at ¶¶ 7-16. Plaintiff alleges five causes of action against all named Defendants: fraud, abuse of process, RICO, violation of the Americans with Disabilities Act, and civil conspiracy. *Id*. at ¶¶ 32-40. Plaintiff seeks compensatory and punitive damages. *Id*. at 17.

## DISCUSSION

A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." M*etzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing T*ellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citation omitted). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it

1 determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The standard for granting leave to amend is generous.  The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Judges are absolutely immune from liability for monetary damages as a result of judicial acts performed in their judicial capacity.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 937 n.1 (9th Cir. 2020).  To qualify for judicial immunity, a judge must have performed "judicial acts" within the scope of his or her jurisdiction.  *Stump*, 435 U.S. at 356-57.  "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity."  *Stump*, 435 U.S. at 362.

Judges "enjoy absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority."  *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989); *see also Stump*, 435 U.S. at 355-56 ("[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." (quoting

*Bradley v. Fisher*, 13 Wall. 335, 351 (1872)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*) ("Judicial immunity applies, 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)). Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judicial immunity is not lost by allegations that a judge conspired with a third party. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). A party dissatisfied with a judge's rulings may challenge those rulings "only via appeal, not by suing the judges." *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

Here, the complained of acts all occurred under Judge Huber's judicial authority. Thus, the complaint against him must be dismissed.

Additionally, Defendant seeks dismissal for failure to properly serve. Plaintiff did not respond to this argument. Because the time for proper service has not expired, the Court does not base its decision to dismiss on this argument.

Finally, Plaintiff seeks to empanel a grand jury and bring criminal charges. ECF No. 10 at 3-4. Plaintiff cannot initiate criminal charges, only the government

may prosecute crimes. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Criminal actions in district court must be brought by the United States Attorney. 28 U.S.C. § 547(1); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.").

The Court finds that the complaint against Judge Huber fails to state a claim upon which relief may be granted and amendment would be futile. The complaint against Judge Huber is therefore dismissed without leave to amend.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Brian C. Huber's Motion to Dismiss, ECF No. 6 is **GRANTED**.

2. All Plaintiff's claims against Defendant Brian C. Huber are **DISMISSED with prejudice**.

3. Defendant Brian C. Huber shall be terminated from the docket.

The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED May 6, 2022.

THOMAS O. RICE
United States District Judge