UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMY R. ERICKSON,<br><br>                      Plaintiff,<br><br>   v.<br><br>ANTHONY CASTELDA; ANDREW CHASE; and KEVIN W. MORRIS,<br><br>                      Defendants. | NO. 2:22-CV-0033-TOR<br><br>ORDER GRANTING DEFENDANT CASTELDA'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Castelda's Motion to Dismiss (ECF No. 15). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein the completed briefing and is fully informed. For the reasons discussed below, Defendant's motion is GRANTED.

**BACKGROUND**

Plaintiff Amy Erickson, proceeding *pro se*, filed this suit on February 25, 2022, against the above-named parties. ECF No. 1. Defendant Anthony Castelda is an attorney and the personal representative of the Estate of Mark A. Gunderson.

ORDER GRANTING DEFENDANT CASTELDA'S MOTION TO DISMISS ~ 1

1  *Id*. at 2, ¶ 4.  Plaintiff alleges Defendant Castelda ("Defendant") conspired with
2  other named defendants to deprive her of her late husband's estate's assets and to
3  entrap her for unlawful firearms transportation.  ECF No. 1.  Plaintiff alleges five
4  causes of action against all named defendants: fraud, abuse of process, RICO,
5  violation of the Americans with Disabilities Act, and civil conspiracy.  *Id*. at 13–
6  16, ¶¶ 32–40.  Plaintiff seeks compensatory and punitive damages.  *Id*. at 17.

## DISCUSSION

### A. Legal Standard—Motion to Dismiss

A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements."  *Twombly*, 550 U.S. at 555.  While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

ORDER GRANTING DEFENDANT CASTELDA'S MOTION TO DISMISS ~ 2

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." Me*tzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing T*ellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (citation omitted). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it

1  determines that the pleading could not possibly be cured by the allegation of other
2  facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The standard for
3  granting leave to amend is generous.  The court considers five factors in assessing
4  the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing
5  party, futility of amendment, and whether the plaintiff has previously amended the
6  complaint.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir.
7  2011).

8     **B.   Americans with Disabilities Act (ADA)**

9     Defendant moves to dismiss Plaintiff's ADA claim on the grounds that
10 Plaintiff has not sufficiently alleged disability discrimination.  ECF No. 15 at 4–5.
11 Plaintiff's ADA cause of action simply states that Judge Huber, who has since
12 been dismissed from this action, "intends . . . to inflict more stress" upon Plaintiff,
13 and that he "intends" to use another named defendant to violate "whatever court
14 order he thinks will work."  ECF No. 1 at 16, ¶¶ 37–39.  The cause of action also
15 simply asserts Plaintiff has PTSD and that PTSD is a disability.  *Id*.  The factual
16 allegations do not provide any clarification; rather, Plaintiff asserts generally that
17 Defendant tried "to set her up" for criminal charges.  *See id*. at 7–10, ¶¶ 17–22.
18 Plaintiff does not connect Defendant's actions to any discrimination based on her
19 disability.

20    Based on the pleadings, it is difficult to ascertain what ADA cause of action

ORDER GRANTING DEFENDANT CASTELDA'S MOTION TO DISMISS ~ 4

1  Plaintiff is attempting to advance.  She is clearly not alleging discrimination

2  against an employer, thus, her claims do not arise under Title I.  However, Plaintiff

3  has not alleged any facts indicating she was denied public services or

4  accommodation under Title II or III, or that she faced retaliation for opposition to

5  unlawful acts under the ADA, in violation of Title V.  *See Zimmerman v. Oregon*

6  *Dept. of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999); *Strojnik v. State Bar of*

7  *Arizona*, 446 F. Supp. 3d 566, 574–75 (D. Ariz. Mar. 17, 2020).  It is also unclear

8  whether Plaintiff is a qualified individual under the ADA.  As such, Plaintiff has

9  failed to state an ADA claim upon which relief may be granted.  The claim is

10  dismissed without leave to amend because amendment would be futile, as

11  Plaintiff's claim would fail as a matter of law based on the facts alleged.

12              **C.   Racketeer Influenced and Corrupt Organization Act (RICO)**

13          Defendant moves to dismiss Plaintiff's cause of action alleging RICO

14  violations on the grounds that Plaintiff has not alleged a harm to her business or

15  property and because Plaintiff has not sufficiently established the existence of an

16  enterprise.  ECF No. 15 at 5–6.  Plaintiff does not allege any facts in the RICO

17  cause of action but simply outlines the elements of a RICO claim.  ECF No. 1 at

18  15, ¶ 36.

19          "The elements of a civil Racketeer Influenced and Corrupt Organization Act

20  ("RICO") claim are as follows: (1) conduct (2) of an enterprise (3) through a

pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014). Defendant argues Plaintiff has failed to allege an injury to her business or property. ECF No. 15 at 5. Even taking all of the factual allegations in the Complaint as true, the Court agrees with Defendant. Plaintiff complains generally of the probate proceedings for her deceased husband's estate and her perceived mistreatment throughout the proceedings. *See generally*, ECF No. 1. As to Defendant Castelda, Plaintiff merely speculates that he was attempting "to set her up" for criminal charges; Plaintiff does not allege that any harm actually occurred. Plaintiff also fails to identify a business or piece property that could be subject to harm under her RICO claim.

  Defendants further argue Plaintiff's RICO claim fails because she has not established an enterprise. ECF No. 15 at 6–7. There are two types of associations that meet the definition of "enterprise" for the purposes of a RICO claim. *Shaw v. Nissan North America, Inc.*, 220 F. Supp. 3d 1046, 1053 (C.D. Cal. 2016). The first is comprised of legal entities, such as corporations and partnerships. *Id*. The second is an "associated-in-fact enterprise," which is defined as "any union or group of individuals associated in fact although not a legal entity." *Id*. (quoting *United States v. Turkette*, 452 U.S. 576, 581–82 (1981)). The existence of such an

1 enterprise is established with "evidence of an ongoing organization, formal or
2 informal, and by evidence that the various associates function as a continuing
3 unit." *Id*. (quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009)). "An
4 association-in-fact enterprise must have at least three structural features: a purpose,
5 relationships among those associated within the enterprise, and longevity sufficient
6 to permit these associates to pursue the enterprise's purpose." *Id*. at 1053–54.

7     Plaintiff has failed to make a showing of an association-in-fact enterprise.
8 Again, the Complaint alleges Plaintiff's general grievances with the probate
9 proceedings and her belief that Defendant was attempting to bring criminal charges
10 against her. Plaintiff has not alleged any facts from which the Court could infer an
11 ongoing organization among the defendants with sufficient longevity to sustain a
12 RICO claim. Defendants were simply carrying out their duties as officers of the
13 court.

14     Accordingly, Plaintiff has failed to plead a RICO claim upon which relief
15 may be granted. The claim is dismissed without leave to amend because
16 amendment would be futile, as Plaintiff's claim would fail as a matter of law.

17     **D. State Law Claims**

18     Plaintiff alleges state law claims for fraud, abuse of process, and civil
19 conspiracy. ECF No. 1 at 13–15, ¶¶ 32–35; 16, ¶ 40. A federal court has
20 supplemental jurisdiction over pendent state law claims to the extent they are "so

related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).  "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted).  Once the court acquires supplemental jurisdiction over state law claims, § 1367(c) provides that the court may decline to exercise jurisdiction if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).  Indeed, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), superseded on other grounds by statute as stated in *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

      Having dismissed all federal law claims asserted against Defendant Castelda, the Court declines to exercise jurisdiction over the remaining state law

ORDER GRANTING DEFENDANT CASTELDA'S MOTION TO DISMISS ~ 8

claims asserted against him. 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (finding that a district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims when federal claims were dismissed). The parties will not be prejudiced by the Court's decision to decline jurisdiction. Formal discovery in this federal case has not begun, so if Plaintiff chooses to refile her state law claims in state court, she will not be prejudiced. Further, the period of limitation for Plaintiff's remaining state law claims is tolled for thirty days after the claims are dismissed unless Washington law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Castelda's Motion to Dismiss (ECF No. 15) is **GRANTED**.

2. All Plaintiff's federal claims against Defendant Anthony Castelda are **DISMISSED with prejudice and all state claims against him are dismissed without prejudice.**

3. Defendant Anthony Castelda shall be terminated from the docket.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED June 28, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT CASTELDA'S MOTION TO DISMISS ~ 9