UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMY R. ERICKSON,<br><br>                Plaintiff,<br><br>   v.<br><br>ANDREW CHASE; and KEVIN W. MORRIS,<br><br>               Defendants. | NO. 2:22-CV-0033-TOR<br><br>ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Andrew Chase's Motion to Dismiss (ECF No. 18). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff Amy Erickson, proceeding *pro se*, filed this suit on February 25, 2022, against the four named parties. ECF No. 1. Defendant Andrew Chase

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS ~ 1

("Defendant") is the attorney for Helen Gunderson, the sister of Mark A. Gunderson, Plaintiff's late husband. *Id*. at 10, ¶ 24. Plaintiff alleges Defendant made false statements in order to deprive her of her late husband's estate's assets. *Id*. at 10–13, ¶¶ 23–31. Plaintiff alleges five causes of action against all named defendants: fraud, abuse of process, RICO, violation of the Americans with Disabilities Act, and civil conspiracy. *Id*. at 13–16, ¶¶ 32–40. Plaintiff seeks compensatory and punitive damages. *Id*. at 17.

## DISCUSSION

### A. Legal Standard—Motion to Dismiss

A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."

1   *Iqbal*, 556 U.S. at 678.

2   When analyzing whether a claim has been stated, the Court may consider the
3   "complaint, materials incorporated into the complaint by reference, and matters of
4   which the court may take judicial notice." Me*tzler Inv. GMBH v. Corinthian*
5   *Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing T*ellabs, Inc. v. Makor*
6   *Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a
7   short and plain statement of the claim showing that the pleader is entitled to relief."
8   Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true
9   and construed in the light most favorable to the plaintiff[,]" however "conclusory
10  allegations of law and unwarranted inferences are insufficient to defeat a motion to
11  dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,
12  1403 (9th Cir. 1996) (citation and brackets omitted).

13  The Court "does not require detailed factual allegations, but it demands
14  more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,
15  556 U.S. at 662. "To survive a motion to dismiss, a complaint must contain
16  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
17  on its face.'" *Id*. at 678 (citation omitted). A claim may be dismissed only if "it
18  appears beyond doubt that the plaintiff can prove no set of facts in support of his
19  claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

20  The Ninth Circuit has repeatedly held that "a district court should grant

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS ~ 3

leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The standard for granting leave to amend is generous. The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

### B. Racketeer Influenced and Corrupt Organization Act (RICO)

Defendant moves to dismiss Plaintiff's cause of action alleging RICO violations on the grounds that Plaintiff has not alleged a harm to her business or property and because Plaintiff has not sufficiently established the elements of wire fraud, mail fraud, or extortion. ECF No. 18 at 9–12. Plaintiff does not allege any facts in the RICO cause of action but simply outlines the elements of a RICO claim. ECF No. 1 at 15, ¶ 36.

"The elements of a civil Racketeer Influenced and Corrupt Organization Act ("RICO") claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014).

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS ~ 4

Defendant argues Plaintiff has failed to allege an injury to her business or property. ECF No. 18 at 10–11. Even taking all of the factual allegations in the Complaint as true, the Court agrees with Defendant. Plaintiff complains generally of the probate proceedings for her deceased husband's estate and her perceived mistreatment throughout the proceedings. *See generally*, ECF No. 1. As to Defendant Chase, Plaintiff alleges that he made false statements during a probate proceeding, which he then used to "make a larger claim on the estate than is provided for" by Washington law. *Id*. at 10–11, ¶ 24. Plaintiff does not allege what harm, if any, actually occurred. Plaintiff also fails to identify a business or property that could be subject to harm under her RICO claim.

Regarding the remaining elements of a RICO claim, Plaintiff's Complaint falls well short of the pleading requirements of Rule 8, much less the heightened requirements of Rule 9. *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 9(b). First, Plaintiff does not allege sufficient factual allegations to establish the existence of an enterprise. There are two types of associations that meet the definition of "enterprise" for the purposes of a RICO claim. *Shaw v. Nissan North America, Inc*., 220 F. Supp. 3d 1046, 1053 (C.D. Cal. 2016). The first is comprised of legal entities, such as corporations and partnerships. *Id*. The second is an "associated-in-fact enterprise," which is defined as "any union or group of individuals associated in fact although not a legal entity." *Id*. (quoting *United States v.*

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS ~ 5

*Turkette*, 452 U.S. 576, 581–82 (1981)). The existence of such an enterprise is established with "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id*. (quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009)). "An association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated within the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id*. at 1053–54.

      Plaintiff has failed to make a showing of an association-in-fact enterprise. Again, the Complaint alleges Plaintiff's general grievances with the probate proceedings and her belief that Defendant made false statements for the purpose of depriving her of her late husband's estate. Plaintiff does not tie Defendant's actions to those of any other defendants, such that the Court could infer the existence of a relationship with sufficient longevity necessary to sustain a RICO claim.

      Moreover, Rule 9 requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The allegations of fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. CibaGeigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation and citation omitted). Thus, "[a]verments of fraud must

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS ~ 6

1  be accompanied by the who, what, when, where, and how of the misconduct

2  charged." *Id.* (quotation and citation omitted). Here, Plaintiff provides only a

3  general accusation that Defendant made false statements during the state court

4  proceeding. *See* ECF No. 1 at 10–13; at 15. Plaintiff's pleading does not satisfy

5  the particularity requirement of Rule 9.

6      Accordingly, Plaintiff has failed to plead a RICO claim upon which relief

7  may be granted. The claim is dismissed without leave to amend because

8  amendment would be futile, as Plaintiff's claim would fail as a matter of law.

9      **C.  Americans with Disabilities Act (ADA)**

10      Defendant moves to dismiss Plaintiff's ADA claim on the grounds that

11  Plaintiff has not sufficiently alleged disability discrimination. ECF No. 18 at 15–

12  16. First, it is difficult to ascertain what ADA cause of action Plaintiff is

13  attempting to advance. *See* ECF No. 1 at 16, ¶¶ 37–39. She is clearly not alleging

14  discrimination against an employer; thus, her claims do not arise under Title I.

15  However, Plaintiff has not alleged any facts indicating she was denied public

16  services or accommodation under Title II or III, or that she faced retaliation for

17  opposition to unlawful acts under the ADA, in violation of Title V. *See*

18  *Zimmerman v. Oregon Dept. of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999);

19  *Strojnik v. State Bar of Arizona*, 446 F. Supp. 3d 566, 574–75 (D. Ariz. Mar. 17,

20  2020).

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS ~ 7

Further, it is unclear whether Plaintiff is a qualified individual under the ADA. Plaintiff's ADA cause of action simply asserts that Plaintiff has PTSD without any additional context. ECF No. 1 at 16, ¶ 37–39. Finally, Plaintiff does not allege Defendant specifically discriminated against her because of her claimed disability; the ADA cause of action refers only to Judge Huber, who has previously been dismissed from this action. *Id*. The facts alleged against Defendant do not provide any additional clarity. *See id*. at 10–13, ¶¶ 23–31.

As such, Plaintiff has failed to state an ADA claim upon which relief may be granted. The claim is dismissed without leave to amend because amendment would be futile, as Plaintiff's claim would fail as a matter of law.

**D. State Law Claims**

Plaintiff alleges state law claims for fraud, abuse of process, and civil conspiracy. ECF No. 1 at 13–15, ¶¶ 32–35; at 16, ¶ 40. A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted). Once the court acquires supplemental jurisdiction over

state law claims, § 1367(c) provides that the court may decline to exercise jurisdiction if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).  Indeed, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), superseded on other grounds by statute as stated in *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Having dismissed all federal law claims asserted against Defendant Chase, the Court declines to exercise jurisdiction over the remaining state law claims asserted against him.  28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (finding that a district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims when federal claims were dismissed).  The parties will not be prejudiced by the Court's decision to decline jurisdiction.  Formal discovery in this federal case has not begun, so if Plaintiff chooses to refile her state law claims in state court, she will

not be prejudiced. Further, the period of limitation for Plaintiff's remaining state law claims is tolled for thirty days after the claims are dismissed unless Washington law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Chase's Motion to Dismiss (ECF No. 18) is **GRANTED**.

2. All Plaintiff's federal claims against Defendant Andrew Chase are **DISMISSED with prejudice and all state claims against him are dismissed without prejudice.**

3. Defendant Andrew Chase shall be terminated from the docket.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED July 30, 2022.



                    THOMAS O. RICE
              United States District Judge

ORDER GRANTING DEFENDANT CHASE'S MOTION TO DISMISS ~ 10